UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VICTOR HENRIQUE NUNES CARVALHO,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ et al.,<br><br>Respondents. | ) | Civil No. 26-11583-LTS |

MEMORANDUM AND ORDER ON
MOTION FOR ATTORNEYS' FEES (DOC. NO. 16)

September 10, 2026

SOROKIN, J.

Victor Henrique Nunes Carvalho, the petitioner in this habeas action, seeks an award of attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. No. 16. The respondents oppose Nunes Carvalho's motion. Doc. No. 17. For the reasons that follow, the motion is ALLOWED.

Nunes Carvalho came to the United States from Brazil as a minor in 2024. Doc. No. 1 ¶ 1; Doc. No. 15-4 at 15. He is twenty years old. Doc. No. 1 at 2. His father has a pending application for cancellation of removal, of which Nunes Carvalho is a derivative beneficiary. Id. Though he was initially placed in removal proceedings, an immigration judge terminated those proceedings in January 2025. Id. ¶ 23; Doc. Nos. 1-4, -5. By March 2026, Nunes Carvalho had secured a job, a fixed residence, and connections to his local community. Doc. No. 1 ¶ 22.

On March 31, 2026, Nunes Carvalho was arrested on a warrant he did not know had issued, stemming from a traffic stop for driving without a license. Id. ¶ 25. He was thereafter

detained by ICE. A few days later, after Nunes Carvalho's family engaged counsel, he filed a habeas petition challenging his detention without a bond hearing. See Doc. No. 16-1 ¶¶ 9–15.

The respondents answered the petition on April 6, 2026, submitting an abbreviated memorandum that conceded Nunes Carvalho's claim was similar to those presented by other petitioners this Court had granted relief, and that "the same result" would apply here if the Court adhered to its reasoning. Doc. No. 7. The abbreviated response in no way disputed or supplemented the facts alleged by Nunes Carvalho in his petition or its exhibits. Id.

After reviewing the parties' submissions, the Court allowed the petition on April 7, 2026. Doc. No. 8. As relief, the Court ordered the respondents to release Nunes Carvalho "by 6 PM on April 14, 2026, unless he is provided a bond hearing under 8 U.S.C. [§] 1226(a) before that time," with the "burdens of proof" defined by binding First Circuit precedent applicable at any bond hearing Id. Notice of this order, and a summary of its requirements, was emailed to ICE by an Assistant United States Attorney ("AUSA") on April 7, about an hour after the order issued. Doc. No. 9-1.

In a status report filed April 16, the respondents notified the Court that, "due to an administrative oversight, no bond hearing had been held for" Nunes Carvalho—who had remained in custody until 6:11 PM on April 15 despite the Court's order requiring his release more than twenty-four hours earlier in the absence of a bond hearing. Doc. No. 9. Per the status report, the respondents belatedly released Nunes Carvalho only after the AUSA assigned to this case explained to them on April 15 that "Petitioner must be released immediately." Id. at 1. This suggests that, had the AUSA not so instructed them, the respondents would have continued detaining Nunes Carvalho even longer, in direct violation of this Court's order unambiguously requiring his release.

Upon review of the status report, the Court required a supplemental submission by the respondents providing further details concerning ICE's failure to release Nunes Carvalho and describing any remedial measures undertaken to ensure such failures did not occur again. Doc. No. 10. At the respondents' later request, the Court granted a short extension of the deadline for their supplemental submission. Doc. Nos. 11, 12. On April 27, the respondents submitted a six-page declaration from an attorney in ICE's Office of the Principal Legal Advisor. Doc. No. 13-1. That attorney essentially attributed the respondents' violation of the Court's order in this case to her office's failure to act on the AUSA's email forwarding the order, which apparently was lost in the shuffle of the "high volume and pace of the federal litigation docket." Id. ¶¶ 9–14. She described updates her office had made to "its local habeas processing procedures" to reduce the likelihood of similar oversights in the future. Id. ¶ 18.

On April 29, the Court entered judgment. Doc. No. 15; see Doc. No. 14 (reminding respondents that "being overwhelmed administratively" was "a direct and obvious consequence of [their] own choices and is largely within [their] control"). The respondents did not appeal.

On July 29, 2026, after the appeal period had expired rendering the judgment final, Nunes Carvalho filed a motion pursuant to the EAJA seeking an award of attorneys' fees and costs. Doc. No. 16. The motion was supported by a declaration from lead counsel, which included an itemized statement of work performed on this case. Doc. No. 16-1. The total amount of fees and costs sought is $12,124.13. Id. ¶ 32; Doc. No. 16 ¶ 5.

The respondents opposed Nunes Carvalho's motion.[1] They urged that immigration habeas matters are not "civil actions" within the scope of the EAJA. Doc. No. 17 at 3–6. Then,

[1] The opposition was filed a day late. Nunes Carvalho has not argued, nor does the Court find, that this is a basis to find the respondents waived their objections to the fee request here.

after arguing in a single paragraph that their position in this case was "substantially justified," they challenged the reasonableness of the total award sought and urged the Court to reduce it. Id. at 7–8. They have advanced no other challenges to the requested award and have therefore waived any other potential objections to it.[2]

Pursuant to the EAJA:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The same statute goes on to specify:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application which shows . . . the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

§ 2412(d)(1)(B); see also § 2412(d)(2)(A) (defining "fees and other expenses" to include "reasonable attorney fees"). The EAJA is an exception to the general rule that "each party is . . . required to bear its own attorneys' fees." Castañeda-Castillo v. Holder, 723 F.3d 48, 56 (1st Cir. 2013). It is "strictly construed in favor of the government," because "it effectively amounts to a partial waiver of sovereign immunity by the United States." Id. at 57.

The respondents' primary objection—urging that immigration-related habeas proceedings are not "civil actions" within the meaning of the EAJA—fails. For reasons the Third Circuit has explained in detail in an opinion this Court has "agree[d] with and adopt[ed] . . . in its entirety" in prior cases, "the EAJA unambiguously applies to habeas challenges to immigration detention

---

[2] For example, the respondents have not challenged Nunes Carvalho's status as a "prevailing party" or the timing of his motion, nor have they identified any "special circumstances" rendering an award unjust. The respondents have therefore waived those arguments.

under 28 U.S.C. § 2241." Peruano v. Wesling, No. 26-cv-10300-LTS, 2026 WL 1413758, at *12 & n.18 (D. Mass. May 20, 2026) (quoting and adopting Michelin v. Warden, Moshannon Valley Corr. Ctr., 169 F.4th 418, 421–33, 435–36 (3d Cir. 2026)); see also, e.g., Order at 6 & n.4, Ajbal v. Wesling, No. 26-cv-10190-LTS (D. Mass. Mar. 27, 2026), ECF No. 27; Order at 3 n.1, Ribeiro v. Wesling, No. 25-cv-13887-LTS (D. Mass. June 5, 2026), ECF No. 22. Other sessions of this Court have likewise rejected the government's attempt to narrow the phrase "any civil action" in the EAJA, concluding instead that its plain meaning reaches civil lawsuits brought pursuant to § 2241 that challenge civil immigration detention. E.g., Ndongala v. Wesling, No. 26-cv-10194-ADB, 2026 WL 1534981, at *1 (D. Mass. June 1, 2026); Orrego v. Hyde, No. 26-cv-10260-BEM, 2026 WL 1480362, at *2 (D. Mass. May 27, 2026). Nothing in the respondents' submissions in this case provides reason to revisit, let alone revise, the Court's conclusion that immigration habeas petitions are "civil actions" within the meaning of the EAJA.

The respondents' next challenge—a single sentence of text supported by a string citation—also fails. Doc. No. 17 at 7. It is the respondents' burden to establish that their position in this matter was "substantially justified," meaning it had a "reasonable basis in . . . law." Castañeda-Castillo, 723 F.3d at 73. They have barely even attempted to meet that burden here. By the time of Nunes Carvalho's arrest and detention without a bond hearing, the respondents were aware that District Judges throughout the First Circuit had uniformly rejected their view of the relevant immigration-detention statutes. See Ndongala, 2026 WL 1534981, at *3 (citing "flood of decisions in this District and beyond . . . repeatedly reject[ing]" position invoked by government to justify detention as establishing that "reasonable person could not think" government's recently adopted position "was correct"). This legal landscape powerfully undermines any justification the respondents offer for their insistence that it was reasonable to

treat Nunes Carvalho as though he were subject to mandatory detention when ICE officers arrested him in March.

Beyond that, the half-hearted defense of his detention the respondents offered in response to his petition before this Court underscores that their position in this lawsuit was not substantially justified. Doc. No. 7; see Orrego, 2026 WL 1480362, at *3 (finding it "strain[s] logic" to submit abbreviated response conceding case is "directly parallel" to others in which detention without bond hearing was deemed unlawful but then claim opposition to petition "was substantially justified"). And, of course, their failure to release Nunes Carvalho in compliance with the relief this Court ordered was unjustified. The respondents do not suggest otherwise.

In light of the foregoing, the Court finds that Nunes Carvalho is entitled to an EAJA award, with the only remaining question being its amount. The respondents invite the Court to "separate wheat from chaff" in its review of the itemized statement submitted by Nunes Carvalho's counsel. Doc. No. 17 at 7 (quoting Torres-Rievera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008), quoted in Michel v. Mayorkas, 68 F.4th 74, 78 (1st Cir. 2023)). But the respondents identify neither wheat nor chaff. They propose no amount, percentage, or method by which to reduce the award requested. Their application of the relevant legal principles to this case, in its entirety, comprises the following four sentences:

> Here, Petitioner's counsel filed a single Petition. Then, due to the government's mishandling of the scheduling of Petitioner's bond hearing, counsel did not have to do anything else. Petitioner was released outright. In light of that, an award of over $12,000 is excessive.

Doc. No. 17 at 8.

The Court rejects this argument and declines to reduce the award. Nunes Carvalho has submitted a careful itemization of the time his attorneys spent on his case, identifying in detail the specific tasks undertaken during the hours worked between March 31, 2026 (the day of

Nunes Carvalho's arrest), and July 29, 2026 (the day the fee motion was filed). Doc. No. 16-1 at 7–10. The total amount sought—$12,124.13—is the product of: 1) the hourly rate specified in the EAJA, adjusted for the cost of living in each month of work, and 2) the hours spent by counsel working each month. See id. at 6. The respondents articulate no challenge to the hourly rates identified by Nunes Carvalho for his two lawyers, nor does the record supply any basis for such a challenge. The Court finds the hourly rates reasonable.[3]

The same is true of the amount of time spent working on this case. The descriptions of the work performed by counsel—the details of which were ignored by the respondents in their opposition—show Nunes Carvalho's lawyers carefully and reasonably taking the steps necessary to represent him competently in this action. It was reasonable for counsel to consult with his family members, collect background information on his personal and immigration history, and gather facts and documents necessary to identify which avenues to relief might be available. It was reasonable for counsel to research the law governing immigration detention generally, and the state of the law relevant to bond hearings and habeas petitions in this District in particular. After the petition was filed, it was reasonable for counsel to review this Court's orders and the respondents' submissions, to locate and read the authorities cited by the respondents in their abbreviated response, and to evaluate whether a reply was warranted. It was reasonable for counsel to monitor the respondents' compliance with the Court's ordered relief—and, when they violated the Court's order, it was reasonable for counsel to research and consider potential remedies such as sanctions, contempt, or an enforcement order. Finally, it was reasonable of

[3] The modest rates claimed by counsel range from $265.10 in March to $268.11 in July. Doc. No. 16-1 at 10–11. Counsel seeks no increase in these rates beyond a cost-of-living adjustment.

counsel to research the law governing fee requests under the EAJA and to take the steps necessary to prepare and file the motion now pending.

In sum, the Court rejects the respondents' objections, finds Nunes Carvalho is entitled to an award of fees and costs under the EAJA, and concludes that the amount he seeks is reasonable in the circumstances presented and supported by the record. Accordingly, his EAJA motion (Doc. No. 16) is ALLOWED. By October 9, 2026, the respondents shall pay to Nunes Carvalho's counsel fees and costs in the amount of $12,124.13. The respondents shall file a status report confirming compliance with this Order by the earlier of October 14, 2026, or within three days of making the required payment.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge